Job CARRETE–MICHEL, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 85–2524.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 23, 1986.

Decided Feb. 9, 1987.

Rehearing En Banc Denied
March 9, 1987.

Robert Frager, for petitioner.

Robert G. Ulrich, U.S. Atty., Ron Sanders, Dist. Director, I.N.S., Kansas City, Mo., David Milhollen, Chairman, U.S. Board of Immigration Appeals, Falls Church, Va., David V. Bernal and Richard K. Willard, Richard M. Evans, Office of Immigration Litigation Civ. Div., Dept. of Justice, Lawrence Lippe, Chief Attn: Stephen Weglian, General Litigation & Legal Secretary, I.N.S., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before HEANEY, Circuit Judge,
FLOYD R. GIBSON, Senior Circuit Judge, and BATTEY,* District Judge.

### ORDER

This illegal immigrant deportation case comes before this Court, for the third time, on petitioner Job Carrete-Michel's petition for rehearing of our order of October 9, 1986, affirming the Board of Immigration Appeals' (BIA) decision that Carrete-Michel was not eligible for suspension of deportation.

---

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

In our first opinion, *Carrete-Michel v. Immigration and Naturalization Service,* 749 F.2d 490 (8th Cir.1984), we found that the BIA had abused its discretion in denying Carrete-Michel's motion for suspension of deportation because it had failed to consider several factors that we deemed important. We remanded the case to the BIA for reconsideration.[1] The BIA then followed our directive and considered all relevant factors. It ordered Carrete-Michel deported and we affirmed. *Carrete-Michel v. Immigration and Naturalization Service,* 803 F.2d 386 (8th Cir.1986). Carrete-Michel then petitioned for a rehearing en banc.

Subsequent to this petition, Congress passed the Immigration Reform and Control Act of 1986, Pub.L. No. 99–603 (to be codified at 8 U.S.C. § 1255A). We then asked the parties to respond as to whether this case has been mooted by that Act and whether the order for deportation should now be withdrawn. The parties have so responded.

We agree with the government that the Reform Act has not mooted the petition for rehearing in this case. The Reform Act does, however, provide Carrete-Michel with an alternate avenue of relief from deportation. Carrete-Michel may seek to obtain directly from the INS the benefits of sections 245A(e), 245A(a) and eventually 245A(b) of the Reform Act.

Section 201(a) of the Reform Act amends the Immigration and Nationality Act (INA) by creating a new section 245A which provides that the Attorney General shall adjust the status of an alien to an alien lawfully admitted for temporary residence if (1) the alien applies for such adjustment during the twelve-month period beginning on a date not later than 180 days after November 6, 1986, the date of enactment of the Reform Act, (2) the alien establishes that he entered the United States before January 1, 1982, and that he has resided continuously in the United States in an unlawful status since such date, (3) the alien establishes that he has been continuously physically present in the United States since the date of enactment, and (4) the alien establishes that he is admissible as an immigrant, except that certain grounds of excludability under section 212(a) of the INA are made inapplicable and some grounds of excludability under that same section may be waived by the Attorney General.

Section 245A(b) provides that the Attorney General shall further adjust the status of any alien granted temporary resident status to that of an alien admitted for lawful permanent residence, if among other things, the alien applies for such status no later than one year after the nineteenth month after the alien is granted temporary resident status.

Section 245A(e) provides that the Attorney General may not deport an alien apprehended before the twelve-month application period commences if the alien establishes a *prima facie* case of eligibility to have his status adjusted to temporary resident under section 245A(a) (but for the fact that he may not apply for such adjustment until the beginning of such period), until

---

1. Carrete-Michel, a native and citizen of Mexico, entered the United States in 1967, leaving behind his eight children and his wife, Juana Mendes-Salgado. In 1968, he married a United States citizen, Carmen F. Pacheco. Shortly thereafter, he returned to Mexico where he obtained an immigration visa as the spouse of a United States citizen. Pacheco and Carrete-Michel lived together in Kansas City, Missouri, for eight years. "During these years, Carrete-Michel held a steady job, never received welfare, never committed a crime, paid his taxes and all his bills, and established a reputation as an industrious worker, a person of good moral character, a regular church-goer and an asset to his community." *Carrete-Michel,* 749 F.2d at 492. Each year, he sent money to Mexico to support his mother, children and Mendes-Salgado. He visited his family in Mexico in 1971, 1972, 1974 and 1977. His ninth child was born in 1972 to Mendes-Salgado.

In 1976, Pacheco divorced Carrete-Michel. Two of his children illegally immigrated during the same year and came to live with him. In 1977, he purchased a home and Mendes-Salgado and the remaining seven children illegally entered the United States and came to live with him. He continued to hold a job, and his children enrolled and excelled in school. In November of 1978, the INS instituted the deportation proceedings.

the alien has had an opportunity during the first thirty days of the application period to apply for adjustment.

Section 245A(e) indicates that Carrete-Michel cannot be deported and shall be granted authorization to engage in employment for a period of thirty days after commencement of the application period if he can establish a prima facie case of eligibility to have his status adjusted.

It appears that Carrete-Michel may be able to establish a prima facie case of eligibility for temporary resident status pursuant to section 245A(a) simply by 1) applying for adjustment of status during the thirty-day period following the filing of this opinion or the commencement of the application period, whichever is later; 2) indicating that he entered the United States in 1967; 3) indicating continuous physical presence in the United States since November 6, 1982; and 4) indicating that he is admissible as an immigrant because he has not been convicted of a felony or three or more misdemeanors and has not assisted in the persecution of any person.

It also appears that he may apply for permanent resident status no later than one year after the nineteenth month after he is granted temporary resident status. The application must meet the requirements of subsection (b) of section 245A.

Accordingly, Carrete-Michel's petition for a rehearing is denied, and the matter is remanded to the Immigration and Naturalization Service.